TREVOR Q. CODDINGTON, PH.D. (CSB NO. 243042)
trevorcoddington@sandiegoiplaw.com
JAMES V. FAZIO, III (CSB NO. 183353)
jamesfazio@sandiegoiplaw.com
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 792-3446
Facsimile: (858) 408-4422

Attorneys for Plaintiff,
REEFLECTION, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REEFLECTION, LLC, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SPIRE COLLECTIVE LLC (d.b.a., StoreYourBoard), a Pennsylvania Corporation; and DOES 1-10, inclusive,<br><br>Defendant. | CASE NO. '17CV1603 GPC BGS<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Reeflection, LLC ("Reeflection") hereby complains of Spire Collective LLC, d.b.a., StoreYourBoard, ("Spire Collective"), and alleges as follows:

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq*.

## THE PARTIES

2. Reeflection is a California limited liability company with its principal place of business located at 1340 Specialty Drive, Suite I, Vista, California 92081.

3. According to the State Corporation Commission for the Commonwealth of Virginia, Spire Collective is a Pennsylvania corporation and has registered Storeyourboard as a fictitious name in Virginia. Spire Collective has its principal place of business located at 24 Conestoga Way, Troy, Virginia 22974,

4. However, according to a corporation record search via the Department of State for the Commonwealth of Pennsylvania, Spire Collective does not exist as a registered corporation in Pennsylvania.

5. Reeflection is ignorant of the true names and capacities of the parties sued herein as DOES 1 through 10, inclusive, whether individual, corporate or otherwise, and therefore sues these defendants by such fictitious names. Reeflection will seek leave to amend the complaint to assert their true names and capacities when they have been ascertained.  Reeflection is informed and believes and based thereon alleges that all defendants sued herein as DOES 1 through 10 are in some manner responsible for the acts and omissions alleged herein.

## JURISDICTION AND VENUE

6. This Court has original and exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because Reeflection's claim for patent infringement arises under the laws of the United States, 35 U.S.C. § 271, *et seq*.

7. This Court has personal jurisdiction over Spire Collective because it

has committed and continues to commit patent infringement in this District, including without limitation by selling and offering for sale infringing products to consumers in this District and by purposefully directing activities at residents of this District, and by placing infringing products into the stream of commerce with the knowledge that such infringing products would be purchases and used in California and this District, which acts form a substantial part of the events giving rise to Reeflection's claims.

8. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because Spire Collective is believed to have a regular and established place of business within this District and commits patent infringement in this District, including without limitation by selling and offering for sale infringing products to consumers and/or retailers in this District, purposefully directing activities at residents of this District, placing products into the stream of commerce with the knowledge that such products would be sold in California and this District, receiving benefits from this District including revenues from the sale of infringing products, targeting interactions with this District, which acts form a substantial part of the events giving rise to Reeflection's claims.

## GENERAL ALLEGATIONS

9. On May 8, 2007, the United States Patent and Trademark Office (PTO) duly and lawfully issued United States Patent No. 7,213,713, entitled "Storage System for Sport Equipment" ("the '713 patent"). A true and correct copy of the '713 patent is attached hereto as Exhibit A and made part of this Complaint.

10. By way of a chain of assignments executed in November of 2016, Reeflection owns all rights to the '713 patent including the right to sue for past infringement.

11. Spire Collective is and has been using, making, selling, offering for sale, importing, and/or exporting products that infringe the '713 patent, including without limitation its "XSR Board Storage Rack," "Adjustable Metal Surfboard

1  Wall Rack | 4 Boards," "Kiteboard Storage Rack," "Water Ski Storage Rack,"
2  "Horizontal Ski Storage Rack | Adjustable," "Beach Gear Wall Rack," "Wakeboard
3  Storage Rack," "Snowboard Home Storage Rack," "Wake Surf Storage Rack," and
4  "Ski and Snowboard Storage Rack | Home Rack," (collectively, the "Accused
5  Products"). The Accused Products may be purchased directly from the
6  StoreYourBoard website (e.g., https://www.storeyourboard.com/),
7  BoardStorageRack.com (which is redirected to the StoreYourBoard website), or
8  online retailers such as Amazon.com.

### FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 7,213,713 by Spire Collective)

### (35 U.S.C. § 271)

12. Reeflection repeats, realleges, and incorporates by reference the preceding allegations above as though set forth fully herein.

13. Spire Collective, by and through its agents, officers, directors, resellers, retailers, employees and servants, has been and is currently infringing the '713 patent by making, using, offering to sell, selling, exporting, and/or importing into the United States the Accused Products, which embody one or more claims set forth in the '713 patent.

14. For example, the Accused Products meet all the limitations set forth in independent claim 16 of the '713 patent. A chart identifying specifically where each limitation of claim 16 is found in the Accused Products is attached hereto as Exhibit B and made part of this complaint. This infringement chart is based on Reeflection's current understanding of the Accused Products, which only considers publicly available information. The chart does not set forth all of Reeflection's infringement theories – the Accused Products may embody other claims set forth in the '713 patent. Reeflection reserves the right to amend or supplement its infringement theories upon more information becoming available through formal discovery and/or this Court completing its claim construction proceedings.

15. Spire Collective's acts of infringement were undertaken without permission or license from Reeflection.

16. Spire Collective induces its customers to directly infringe the '713 patent by providing the Accused Products with instructions for assembly and use.

17. Reeflection is informed and believes and based thereon alleges that Spire Collective's infringement of the '713 patent will continue unless enjoined by this Court.

18. But for Spire Collective's infringement, Reeflection would have sold its "Nice Rack" storage rack to all of Spire Collective's customers or a substantial portion thereof, and Reeflection is entitled to its lost profits.

19. Reeflection and Spire Collective are direct competitors in the storage rack market.

20. By reason of the foregoing infringing acts, Reeflection has been damaged, continues to be damaged, and is entitled to no less than a reasonable royalty in accordance with 35 U.S.C. § 284 in an amount to be determined at trial.

21. In addition, Reeflection is entitled to reasonable attorneys' fees incurred in this action under 35 U.S.C. § 285.

22. Because of the aforesaid infringing acts, Reeflection has suffered and continues to suffer great and irreparable injury for which there is no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Reeflection prays for judgment against Defendants as follows:

(a) An Order adjudging Defendants to have infringed the '713 patent under 35 U.S.C. § 271;

(b) An injunction under 35 U.S.C. § 283 enjoining Spire Collective, its officers, directors, agents, servants, resellers, retailers, employees and attorneys, and those persons acting in concert or participation with them, from infringing the

'713 patent in violation of 35 U.S.C. § 271;

 (c) An award to Reeflection of its lost profits or a reasonably royalty for Spire Collective's sales of the Accused Products, subject to proof at trial;

 (d) An award to Reeflection of all attorneys' fees and costs incurred by Reeflection in connection with this action under 35 U.S.C. § 285;

 (e) An award of pre-judgment and post-judgment interest and costs of this action against Spire Collective; and

 (f) For such other and further relief as the Court deems just and proper.

Dated: August 9, 2017   SAN DIEGO IP LAW GROUP LLP

By: /s/Trevor Coddington/
  TREVOR Q. CODDINGTON, PH.D.
  JAMES V. FAZIO, III

Attorneys for Plaintiff REEFLECTION, LLC

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Reeflection hereby demands a trial by jury of all issues so triable.

Dated:  August 9, 2017         SAN DIEGO IP LAW GROUP LLP


By: /s/Trevor Coddington/
TREVOR Q. CODDINGTON, PH.D.
JAMES V. FAZIO, III

Attorneys for Plaintiff REEFLECTION, LLC