UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFLECTION, LLC, a California Corporation,<br><br>                                    Plaintiff,<br><br>v.<br><br>SPIRE COLLECTIVE LLC (d.b.a., StoreYourBoard), a Pennsylvania Corporation; and DOES 1-10,<br><br>                                    Defendant. | Case No.:  17cv1603-GPC(BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE**<br><br>**[Dkt.  No. 11.]** |

Before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a).  (Dkt. No. 11.)  Plaintiff filed an opposition on December 18, 2017.  (Dkt. No. 13.)  A reply by Defendant was filed on December 29, 2017.  (Dkt. No. 14.)  Based on the reasoning below, the Court GRANTS Defendant's motion to dismiss.

**Background**

Plaintiff Reflection, LLC ("Reflection" or "Plaintiff") filed a complaint against Defendant Spire Collective LLC ("Spire" or "Defendant") for patent infringement of its United States Patent No. 7,213,713 entitled "Storage System for Sport Equipment." (Dkt. No. 1. Compl.)  Plaintiff is a California limited liability company with its principal

place of business located in Vista, California.  (Id. ¶ 2.)  Defendant is a Pennsylvania corporation with its principal place of business located in Troy, Virginia.  (Id. ¶ 3.)

Defendant maintains a Professional Selling Account with Amazon.com ("Amazon") for which it pays a monthly subscription fee.  (Dkt. No. 11-3, Mavraganis Decl. ¶ 4.)  It enrolls its products in a service called Amazon-Fulfilled.  (Id. ¶ 5.)  Initially, Spire indicates the quantity of products it has available to send to Amazon.  (Id. ¶ 7.) Then Amazon directs Spire to send products to certain Amazon Fulfillment Centers ("Amazon FC") for storage and fulfillment.  (Id. ¶ 8.)  Amazon may require all products be sent to one Amazon FC, or it may require Spire to split the products into multiple shipments to be sent to multiple Amazon FCs.  (Id.)  After its products are shipped to and received by the Amazon FCs, Amazon sometimes decides, in its sole discretion, to redistribute Spire's products to different Amazon FCs for storage and fulfillment.  (Id.) To its knowledge, Spire's products have been stored by Amazon in 23 states including California.  (Id.)  Spire does not lease or have any rights to any space in Amazon FC in California.  (Id. ¶ 9.)

## A.     Motion to Dismiss for Improper Venue

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue.  Plaintiff opposes.

Federal Rule of Civil Procedure 12(b)(3) provides that a defendant may move to dismiss a case for improper venue.  Fed. R. Civ. P. 12(b)(3).  Under Rule 12(b)(3), "pleadings need not be accepted as true, and facts outside the pleadings may be considered."  Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009) (citation omitted); see also Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996).  Once venue is challenged, the plaintiff bears the burden of demonstrating the propriety of venue in the chosen judicial district.  Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979).  Pursuant to 28 U.S.C. § 1406(a), if a case is filed in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such

17cv1603-GPC(BGS)

case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

A patent infringement case is governed by the patent venue statute which states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). By enacting the patent venue statute, "[Congress] 'placed patent infringement cases in a class by themselves, outside the scope of general venue legislation.'" TC Heartland LLC v. Kraft Foods Group Brands LLC, 137 S. Ct. 1514, 1518 (2017). The patent venue statute is construed as "a restrictive measure, limiting [the] prior, broader venue." Stonite Prods. Co. v. Melvin Lloyd Co., 315 U.S. 561, 566-67 (1942). Therefore, the patent venue statute should be strictly construed. Symbology Innovations, LLC v. Lego Sys., Inc., -- F.Supp.3d --, 2017 WL 4324841, at *7 (E.D. Va. Sept. 28, 2017) (citing Schnell v. Peter Eckrich & Sons, Inc., 365 U.S. 260, 264 (1961)); Personal Audio, LLC v. Google, Inc., -- F.Supp.3d -- 2017 WL 5988868, at *3 (E.D. Texas Dec. 1, 2017) (patent venue statute is a statute "that is to be narrowly construed as written."). Its purpose is to subject a defendant to a forum where its presence is permanent and not transitory. Symbology Innovations, 2017 WL 4324841, at *8.

Here, the parties do not dispute the first clause of § 1400(b) that Spire does not reside in this district. Instead, the parties dispute an element of the second clause as to whether Spire has "a regular and established place of business" in this district.

Defendant argues that venue is improper because it has no "regular and established place of business" in this district. Plaintiff opposes arguing that Spire's relationship with Amazon satisfies this factor.

In a recent case, the Federal Circuit provided factors courts should consider to determine what constitutes a "regular and established place of business" under the patent venue statute. In re Cray Inc., 871 F.3d 1355, 1359-60 (Fed. Cir. 2017). The three factors are the following: "(1) there must be a physical place in the district; (2) it must be

17cv1603-GPC(BGS)

a regular and established place of business; and (3) it must be the place of the defendant." Id. at 1360. "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." Id.

The first factor requires a physical place in the district such as a "[a] building or a part of a building set apart for any purpose" or "quarters of any kind" where the business is conducted. Id. at 1362 (citations omitted). A virtual space or electronic communication is not sufficient. Id. While a fixed physical presence such as an office or store is not required, there must be a "physical, geographical location" from which the defendant's business is carried out. Id.

Defendant asserts that it does not maintain a physical place in this district nor does it have any offices, business address, employees, leaseholds or other fixed physical presence where its business is being conducted. (Dkt. No. 11-3, Mavraganis Decl. ¶ 3.) Spire also does not lease or have any rights to any space in any of the Amazon FC. (Id. ¶ 9.) Moreover, Amazon controls Spire's storage fulfillment and shipping by dictating where Spire's products should be sent and once sent, Amazon has discretion to redistribute Spire's products to other Amazon FCs. (Id. ¶¶ 6, 8.) In response, Plaintiff argues that the Amazon warehouses in this district where Spire contracts to store and fulfill orders of its products are a physical, geographic location in the district from which its business is carried out.

In Symbology, the district court held that the fact that the defendant derives revenue from products sold in the district, holds promotional events, is registered as a foreign corporation, has an appointed agent to accept service of process, and its subsidiary has three stores selling the company's products were not sufficient to demonstrate a regular and established place of business. Symbology Innovations, 2017 WL 4324841 at *9-11. Courts have held that distributors and even subsidiaries, that are independently owned and operated, that are located in the forum and work with the accused infringer, is not sufficient to show that the accused infringer has a regular and established business under § 1400(b). See Symbology Innovations, 2017 WL 4324841 at

17cv1603-GPC(BGS)

*10-11 (subsidiary's three locations in the district were not imputed to the parent company as subsidiary was distinct corporate entity with separate finances, assets, officers and records); JPW Indus., Inc. v. Olympia Tools Int'l, Inc., No. 16cv3153-JPM, 2017 WL 4512501, at *3 (M.D. Tenn. Oct. 10, 2017) (venue not proper where defendant's business relationships with distributors, retailers and consumers in the district that further its commercial goals did not demonstrate that Defendant maintains a physical presence in the district); CAO Lighting, Inc. v. Light Efficient Design and Electrical Wholesale Supply Co., Inc., Case No. 16cv482-DCN, 2017 WL 4556717, at *3 (D. Idaho Oct. 11, 2017) (defendant's preferred partner distributors having a physical presence in Idaho with regular and established business are locations of the distributors, and not of the defendant).

In CAO Lighting, Inc., the district court concluded the defendant did not have a regular and established place of business in Idaho even though its sales representatives visited Idaho occasionally and the preferred partner distributors had physical locations in Idaho. Id. at 3. The court explained that the distributors' physical locations in Idaho were that of the distributors and not of the defendant. Id. Furthermore, the defendant did not own, rent, lease or occupy any property in the state, or employ anyone who owned, leased, or occupied any real property in Idaho. Id.

In this case, Plaintiff does not present any evidence or legal authority to support its argument that the Amazon FCs are the physical, geographical location of Spire. While Amazon FCs are where Spire's good are stored and orders are fulfilled, caselaw demonstrates that Spire does not have a physical presence in this district. See Symbology Innovations, 2017 WL 4324841 at *10-11; JPW Indus., Inc., 2017 WL 4512501, at *3.

Second, as to a "regular and established place of business", "regular" means a "'steady[,] uniform[,] orderly [, and] and methodical' manner" of operation, and not sporadic activity. In re Cray Inc., 871 F.3d at 1362 (citation omitted). An "established" business is one that is not transient but must be "'settle[d] certainly, or fix[ed] permanently.'" Id. at 1363. For example, a business that displays its products at a trade

1 show in the district semi-annually creates only a temporary presence while a five-year
2 continuous presence in the district establishes proper venue. Id.

3     Defendant contends that while Amazon may direct Spire to send its products to
4 Amazon FCs, from time to time, Amazon may, in its own discretion move Spire's
5 products to different Amazon FCs for storage and fulfillment. (Dkt. No. 11-3, Mavragani
6 Decl. ¶ 8.)  Therefore, it contends that this district cannot be said to be Spire's regular and
7 established business as it does not have absolute control of the distribution of its
8 products.  Plaintiff asserts that the fulfillment centers are "permanent" locations intended
9 to be accessed by Plaintiff to receive, store, maintain and fulfill the inventory of the
10 business for the purpose of advancing sales of its products and provide faster shipping in
11 locations far away from its headquarters.  Spire pays a "storage fee" to Amazon for
12 storing its products there and are "regular" within the meaning of § 1400(b).  It also
13 summarily asserts, without legal authority or evidentiary support, that Spire maintains an
14 agency relationship with Amazon for the benefit of accessing Amazon's FC services.

15     Again, Reflection presents arguments without any evidentiary or legal support.  As
16 indicated above, a distributor or subsidiary of a parent corporation selling the infringer's
17 product does not demonstrate that a defendant has a regular and established business in
18 this district.  See Symbology Innovations, 2017 WL 4324841 at *10-11; JPW Indus.,
19 Inc., 2017 WL 4512501, at *3.  Moreover, as noted by other district courts, merely
20 selling products in California through a third party is not sufficient to satisfy the patent
21 venue statute.  See Symbology Innovations, 2017 WL 4324841 at *10-11 ("Revenue
22 derived from the forum has no bearing on whether § 1400(b)'s requirements are met.";
23 JPW Indus., Inc., 2017 WL 4512501, at *3 (commercial sales of defendant's product in
24 the forum not sufficient to demonstrate venue under the patent venue statute); CAO
25 Lighting, 2017 WL 4556717, at *3 (revenue sales from the forum state have little
26 significance on the three In re Cray factors).

27     Lastly, the "regular and established place of business" must the "place of the
28 defendant." In re Cray Inc., 871 F.3d at 1363.  Courts may consider "whether the

6

defendant owns or leases the place, or exercises other attributes of possession or control over the place." Id.

Defendant argues that the Amazon FCs are not the place of Spire. It does not own or lease the space from Amazon FC and there is no indication of possession or control over the storage facility. Without evidentiary and legal support, Plaintiff contends that Spire leases the place of business since it pays a storage fee to Amazon in exchange for storing the product.

Plaintiff has not conducted a legal analysis demonstrating that a monthly subscription fee equates to leasing space in the FCs. On the other hand, Defendant has presented evidence that it has no control over which FCs its products will be sent, and once stored at one Amazon FC, Amazon has discretion to redistribute Spire's products to another Amazon FC. Since Spire has no control over its products once they are sent to Amazon FCs, these storage centers cannot be said to be the "place of Defendant."

Accordingly, the Court concludes that Plaintiff has not demonstrated that Defendant has a "regular and established place of business" in this district" and thus, venue is not proper in this district. See In re Cray, 871 F.3d at 1359-60.

**B.     Dismissal Versus Transfer**

In its motion, Defendant seeks dismissal of the action under 28 U.S.C. § 1406(a). Plaintiff opposes the dismissal but does not request a transfer of the case.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "Whether the interest of justice militates in favor of transfer rather than dismissal is a judgment committed to the sound discretion of the district court." Citizens for a Better Environment-California v. Union Oil Co. of California, 861 F. Supp. 889, 898 (N.D. Cal. 1994). "Normally transfer will be in the interest of justice because normally dismissal of an action that could have been brought elsewhere is time-consuming and justice-defeating." Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990).

7

However, in this case, Plaintiff, in its opposition, does not request a transfer[1] and Defendant only moves for dismissal. Neither party has briefed where venue would be proper under current venue law. Defendant is a Pennsylvania limited liability company and while a domestic corporation resides only in the state of incorporation under the patent venue statute, it is not clear which district court in Pennsylvania is proper. TC Heartland, 137 S. Ct. at 1517 (domestic corporation resides only in its state of incorporation). Since the case was recently filed, it does not appear that Plaintiff would be unfairly prejudiced by a dismissal. Accordingly, the Court exercises its discretion and dismisses the complaint and Plaintiff may file its complaint in the proper district court in Pennsylvania.

## Conclusion

Based on the above, the Court GRANTS Defendant's motion to dismiss the complaint for improper venue. The hearing set for January 19, 2018 shall be **vacated**.

IT IS SO ORDERED.

---

[1] The Court notes that Plaintiff also does not seek any discovery on the venue issue.

8

17cv1603-GPC(BGS)